UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 10-Civ-60080-COOKE

DEVON TOEPFER,

    Petitioner,

v.

UNITED STATES OF
AMERICA,

    Respondent.

_____/

**ORDER ON PETITIONER'S MOTION FOR RELIEF FROM
JUDGMENT PURSUANT TO FED.R.CIV.P. 60**

Petitioner Devon Toepfer commenced these proceedings on January 19, 2010 to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (ECF Nos. 1, 4). The proceeding was filed following Mr. Toepfer's unsuccessful direct appeal and petition for a writ of certiorari. On August 31, 2011, following an evidentiary hearing, I entered an Order Denying Motion to Vacate Sentence (ECF No. 25). On September 28, 2011, Petitioner filed a Motion to Alter or Amend Judgment pursuant to Federal Rule of Civil Procedure 59(e). (ECF No. 29). On April 6, 2012, I entered an Order Denying Motion to Alter or Amend Judgment. (ECF No. 32). Mr. Toepfer appealed both my Order Denying Motion to Vacate Sentence (ECF No. 25) and my Order Denying Motion to Alter or Amend Judgment. (ECF No. 32). *See* ECF No. 33. The United States Court of Appeals for the Eleventh Circuit affirmed both Orders on May 13, 2013. (ECF No. 39). The United States Supreme Court denied certiorari. (ECF No. 41). Before me now is Petitioner's fully briefed Motion for Relief From Judgment Pursuant to Federal Rule of Civil Procedure 60 (the "Motion"). (ECF No. 42, 46, 47). For the reasons that follow, Petitioner's Motion is denied.

I. **LEGAL STANDARDS**

Federal Rule of Civil Procedure 60(b) allows a party to seek relief from a final judgment in a habeas case, and request reopening of a case, under a limited set of circumstances:

> (b) Grounds for Relief from a Final Judgment, Order or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

All Federal Rules of Civil Procedure, including Rule 60(b), apply in habeas corpus proceedings under 28 U.S.C. § 2255 only to the extent that they are not inconsistent with applicable federal statutory provisions and rules. *Gonzalez v. Crosby*, 545 U.S. 524, 529 (2005) (referring to habeas corpus proceedings under 28 U.S.C. § 2254); *United States v. Terrell*, 141 Fed. Appx. 849, 851 (11th Cir. 2005) (applying *Gonzalez* to 28 U.S.C. § 2255). The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2244, forecloses application of Federal Rule of Civil Procedure 60(b) and all other civil rules that are inconsistent with the restrictions imposed on successive petitions by the AEDPA.

Pursuant to the AEDPA, there are three requirements on second or successive habeas petitions: (1) "any claim that has already been adjudicated in a previous petition must be dismissed;" (2) "any claim that has *not* already been adjudicated

must be dismissed unless it relies on either a new and retroactive rule of constitutional law or new facts showing a high probability of actual innocence;" (3) "before the district court may accept a successive petition for filing, the court of appeals must determine that it presents a claim not previously raised that is sufficient to meet § 2244(b)(2)'s new-rule or actual-innocence provisions." *Gonzalez*, 545 U.S. at 2646.

## II. DISCUSSION

Mr. Toepfer raised the following issues in his 28 U.S.C. § 2255 motion: (1) ineffective assistance of counsel regarding counsel's advice to him as to the consequences of proceeding to trial or pleading guilty; (2) Mr. Toepfer's decision to reject the plea agreement was involuntary because of the government's and the court's affirmative misrepresentations regarding the sentencing consequences of a conviction following trial versus a guilty plea; (3) ineffective assistance of appellate counsel for failing to ensure that the record on appeal was complete; and (4) ineffective assistance of trial counsel at sentencing for failing to raise, or preserve objections to, this Court's use of downward variance factors under 18 U.S.C. § 3553(3). (ECF No. 1).

In the instant Rule 60(b) motion, Mr. Toepfer raises the same grounds to seek relief from judgment. Mr. Toepfer alleges that trial counsel misadvised him of the consequences of a guilty plea as compared to trial. (ECF No. 42 at 6 of 57). He claims that misrepresentations allegedly made by the Government and the Court again caused him to reject the guilty plea offer and proceed to trial. (*Id.* at 7, 8 of 57). And again, Mr. Toepfer states that the trial transcript was incomplete because supposedly a second Allen charge was given to the jurors but was not transcribed. (*Id.* at 8, 9 of 57).

In his Motion, Mr. Toepfer also attempts to support his claim for relief on "newly discovered evidence." (*Id.* at 13 of 57). However, that evidence consists of sworn statements taken of two jurors in Mr. Toepfer's trial, and are dated January 13, 2009 and June 8, 2009. Thus, this evidence predates Mr. Toepfer's filing of his § 2255 petition, and is not "newly discovered."

Because I find that Mr. Toepfer's Rule 60(b) Motion is a successive § 2255 petition, I find that I lack jurisdiction to consider Mr. Toepfer's claims again since Mr. Toepfer has failed to apply for or receive authorization from the Eleventh Circuit Court of Appeals to file a successive petition. *See Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003).

### III. CONCLUSION

For the foregoing reasons, I find that Mr. Toepfer's Rule 60(b) Motion is a successive petition for habeas relief. As Mr. Toepfer did not obtain authorization from the Eleventh Circuit Court of Appeals to file such a successive petition, I lack jurisdiction to consider the Motion.

Accordingly, it is **ORDERED and ADJUDGED** that Petitioner's Motion for Relief From Judgment Pursuant to Federal Rule of Civil Procedure 60 (ECF No. 42) is **DENIED**. The Clerk is **DIRECTED** to **CLOSE** this case.

**DONE and ORDERED** in chambers, at Miami, Florida, this 25th day of September 2015.

*[signature: Marcia G. Cooke]*
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Edwin G. Torres, U.S. Magistrate Judge*
*Counsel of record*